IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LINDA BROWN, | : | |
| Plaintiff, | : | Case No. 3:03CV034 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| WAL-MART STORES, INC.,<br>et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

This case is presently pending on Plaintiff's Second Motion to Compel Discovery (Doc. #38), Plaintiff's Motion to Require Certification (Doc. #39), Defendants' Memorandum in Opposition (Doc. #40), and Plaintiff's Reply (Doc. #41).

Plaintiff's Second Motion to Compel Discovery seeks an Order from the Court compelling Defendant Wal-Mart Stores, Inc. ("Wal-Mart") to produce documents in compliance with the Court's prior discovery Order. Plaintiff states, "Despite this Court's prior Order, Defendant still failed to produce the majority of documents requested, even as limited by the Court." (Doc. #38 at 1). In addition to an Order granting her Second Motion to Compel Discovery, Plaintiff seeks a further Court Order requiring one of Wal-Mart's corporate representatives to certify that the requested documents do not exist.

The Court's prior discovery Order directed in part:

> To the extent this and other documents sought by Plaintiff do not exist

>within [her] period of employment or within the store where Plaintiff work, Wal-Mart's trial attorney should so certify by letter to Plaintiff specifically identifying the pertinent discovery request for which such information does not exist.

(Doc. #35, Exhibit A at 14).

Wal-Mart emphasizes, "counsel for Defendant has repeatedly detailed, by letter and in conversation, its exhaustive efforts to identify responsive documents, and it has represented that any responsive documents still sought are in good faith believed not to exist, after extensive efforts to locate them."  (Doc. #40 at 2-3).  Wal-Mart further states that it "cannot represent under oath that every requested document as been produced – at most, such a certification could only state that Defendant has made a good faith effort and has produced every responsive document known by it to exist." *Id*. at 9.

Representations by Wal-Mart's trial counsel, by letter, concerning Wal-Mart's exhaustive efforts to identify responsive documents and trial counsel's representation that any responsive documents still sought are in good faith believed not to exist complies with the Court's prior discovery Order.  These representations are sufficient to bind Wal-Mart particularly since it is under an ongoing duty to supplement its discovery responses pursuant to Fed. R. Civ. P. 26(e).

To support its Motion to Require Certification, Plaintiff relies on an Order docketed in *Petty v. Wal-Mart Stores*, 3:03CV7044 (N.D. Ohio)(Carr, D.J.).  (Doc. #31, Exh. A).  A review of this Order reveals that it is simply a Case Management Order.  The Order states, "Defendant to produce Shipley audit and certification re: non-existence of other previously requested and ordered documents by February 10, 2004."  (Doc. #31, Exh. A at 2).  Not surprisingly, the Case Management Order did not explain the circumstances leading to this certification requirement, and the certification requirement was not supported by explanation or citation to legal authority.

*See id*.  This is not to say that it should have been explained or supported by citation, or that the certification requirement was, or was not, warranted in *Petty v. Wal-Mart*.  It is merely to say that this Case Management Order in *Petty v. Wal-Mart* has little persuasive value in the instant case on the issue of whether further certification must be mandated.  This is particularly so because it is impossible to compare the circumstances in instant case to the unknown circumstances in *Petty*.

To the extent Plaintiff remains unsatisfied – which she likely does given her present Motions – she remains free to conduct discovery concerning what good-faith efforts Wal-Mart took to locate and produce responsive documents.  For example, Plaintiff may subpoena for deposition a Rule 30(b)(6) witness to explore what specific good-faith efforts Wal-Mart took to locate responsive documents and to further document Wal-Mart's position with regard to the non-existence of additional responsive documents.  Such an approach to discovery, moreover, will operate better than requiring further certification in terms of protecting both parties' rights from prejudice:  Plaintiff will be able to obtain binding testimony regarding Wal-Mart's good-faith discovery conduct; Wal-Mart will have the opportunity to fully explain on the record its good-faith discovery conduct.  In light of the availability of this discovery tool, and given that the discovery period remains currently open, no further written certification will be required at this time.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Second Motion to Compel Discovery (Doc. #38) is GRANTED in part to the extent Wal-Mart remains under the terms of the Court's prior discovery Order (Doc. #35) and is otherwise DENIED as moot;

2. Plaintiff's Motion to Require Certification (Doc. #39) is GRANTED in part to the

        extent Plaintiff may conduct discovery directed at whether Wal-Mart has engaged in good-faith efforts to locate and produce responsive documents, and is otherwise DENIED; and

3. In the event the parties are unable to informally resolve any further discovery dispute, they shall contact the undersigned Judicial Officer's Chambers to schedule an informal telephone conference pursuant to S.D. Ohio Civ. R. 37.1 prior to filing any discovery Motions.

May 12, 2005

                                                    s/ Sharon L. Ovington
                                                      Sharon L. Ovington
                                            United States Magistrate Judge