IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LINDA BROWN, | : | |
|    Plaintiff, | : | Case No. 3:03cv00034 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| WAL-MART STORES, INC., et al., | : | |
|    Defendants. | : | |

## ORDER

     This case is before the Court upon Defendant Wal-Mart Stores, Inc.'s Motion for Stay of Proceedings, or, in the Alternative, for Permission to Conduct Interviews of Plaintiff's Co-Workers and Former Managers and for Extension of Case Deadlines (Doc. #45), Plaintiff's Memorandum in Opposition (Doc. #46), and Wal-Mart's Reply (Doc. #47). On September 26, 2005, Magistrate Judge Ovington held an informal telephone conference concerning the above Motion and Memoranda.

     Wal-Mart seeks an order staying this case due to the existence of a similar Motion pending in a class action filed in the Butler County, Ohio Court of Common Pleas, *Connie Wilson, et al. v. Wal-Mart Stores, Inc*., Case No. CV-2003-10-2907. Wal-Mart states, "The broad allegations of the class action complaint are substantively identical to the allegations in this case...." (Doc. #45, Memo. at 3). The parties anticipate a ruling in the class action by the Butler County Court of Common Pleas regarding the issue of whether Wal-Mart's attorneys may contact putative class members. This issue was addressed in an Order in a prior case, *Petty v.*

*Wal-Mart Stores, Inc.*, filed in the Montgomery County Court of Common Pleas. The Order in *Petty* barred Wal-Mart's attorneys from interviewing putative class members. During the September 26th conference, Plaintiff indicated that she would prefer a stay of proceedings in this case rather than taking the risk of an adverse Order on Wal-Mart's pending Motion for Permission to Conduct Interviews of Plaintiff's Co-Workers and Former Managers. (Doc. # 45).

A district court has the inherent power to stay proceedings in cases before it. This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). In considering a motion for stay, a court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties. *See Xerox Corp. v. 3Com Corp.,* 69 F.Supp.2d 404, 406 (W.D.N.Y.1999); *see Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005); *Rivers v. Walt Disney*, 980 F.Supp. 1358, 1360 (C.D. Cal.1997).

In the present case, both the interests of judicial economy and the potential prejudice or hardship on the parties warrant issuance of a stay. The Butler County Common Pleas Court may soon issue an order on the precise issue that is presently before this Court. Comity and respect for State court proceedings caution against proceeding at this time. In addition, staying this case will tend to promote the interests of judicial economy. Without a stay, Wal-Mart may experience potential prejudice or hardship on its ability to obtain needed, and perhaps essential discovery. Plaintiff may experience prejudice in the event of a ruling allowing contact with putative class members. Moreover, it is possible that Plaintiff may be able to opt in as a class member in the Butler County case thereby resolving this action entirely.

Accordingly, Wal-Mart's Motion for Stay of Proceedings is well taken.

### IT IS THEREFORE ORDERED THAT:

1. Wal-Mart's Motion for Stay of Proceedings (Doc. #45) is GRANTED;

2. Wal-Mart's Alternative Motion for Permission to Conduct Interviews of Plaintiff's Co-Workers and Former Managers and for Extension of Case Deadlines (Doc. #45) is DENIED without prejudice as moot; and

3. The parties shall filed a joint status report every three months beginning on <u>December 30, 2005</u> or at such time as the Butler County Common Pleas Court issues it's decision on the pending issues, whichever occurs earlier.

September 30, 2005                             **s/Thomas M. Rose**

                                              Thomas M. Rose
                                    United States District Judge

                                       s/ Sharon L. Ovington
                                         Sharon L. Ovington
                                    United States Magistrate Judge